MONROE, J. pro tem.*
Prior to March, 1956, the appellants and defendants Russell and Duvall became the owners of mining claims in Orange and Riverside Counties. It appears from the record that they had some transactions with the defendants Rodgers and Watson directed to the object of bringing about some contract or arrangement for the development and mining of the claims. As the result of these transactions, the defendants Rodgers and Watson made contact with the plaintiff and brought about the execution of a written agreement dated March 17, 1956, whereby the plaintiff undertook to work the claims and to carry on by mining operations the extraction of minerals therefrom and to pay to the defendants royalties on minerals so extracted. The agreement is denominated a “license.” It is for the period of five years with options to renew and extend the agreement for two similar five-year periods at increased royalties. Plaintiff undertook to pay to defendants the total royalty of 25 cents per ton for minerals taken from the property, with a minimum royalty of $100 per month for the first year and $250 per month thereafter. The contract provided that plaintiff could extract the first 1,000 cubic yards of material free of royalty for his efforts towards the development. It was further provided, among other things, that the 25-eent royalty should be paid in the following shares -. 7% cents to defendant Laura *112 Duvall, 7½ cents to defendant Clifford Russell, 5 cents to defendant Rodgers and 5 cents to defendant Watson. The contract contained provisions for its termination in case of a failure to comply with the obligations thereof, provided that plaintiff be in default of performance and had not cured the default within 30 days after notice. It further provided that in case the default be not cured the contract might be terminated by defendants Rodgers and Watson as the agents and assignees of their codefendants. In October, 1956, the defendants Duvall and Russell served upon plaintiff a written notice of revocation.
Plaintiff brought this action for declaratory relief to determine his rights as against the defendants under the contract. He alleged, among other things, that subsequent to the giving of the notice the defendants Duvall and Russell had taken possession of the property and excluded him therefrom and he asked that it be adjudicated that he had the exclusive right to the occupation and control of the property under the license agreement. A judgment was rendered in plaintiff’s favor and the defendants Duvall and Russell have appealed.
The main question involved upon this appeal arises from the contention of defendants and appellants that the contract in question was void as being in violation of the Corporate Securities Act, Corporations Code, section 25000 et seq., for the reason that it purported to create an interest in profits to be derived from mining operations without the issuance of a permit for the issuance of such “securities.”
Much of the contention between the parties arises with reference to whether the transaction in question constituted a license or a lease. This question is not decisive. It is held that regardless of the form of the transaction and regardless of what the parties may call the instrument in question, the courts will determine whether the purpose sought to be attained by the parties was an issuance of securities as defined by Corporations Code, section 25008, without complying with the law requiring a permit. Oil Lease Service Inc. v. Stephenson, 162 Cal.App.2d 100, 103 [327 P.2d 628]. We are concerned in this action with the validity and enforceability of the contract as between plaintiff and the other parties. By this contract, the plaintiff undertook to develop and work the mining claims, to extract material therefrom, and to pay a royalty. Such a provision is for the working of a mine and is not the issuance of a corporate security. In *113 Austin v. Hallmark Oil Co., 21 Cal.2d 718, 727 [134 P.2d 777], it is said:
“If the transaction is one in which the assignee is merely an investor who for a consideration is given the right to share in the profits or proceeds of an enterprise to be conducted by others, the instrument representing such interest is a security. Where, however, as in the present case, the assignee is to share in the conduct of the enterprise, the instrument representing an assignment of a fractional interest in the production of oil is not a security within the act.” See also Maguire v. Lees, 74 Cal.App.2d 697 [169 P.2d 411],
If a transaction provides for a sharing in profits as consideration for services to be performed, or if a contract defines the interest of various parties in a joint venture, it is not within the prohibition of the Corporate Securities Act. [4] Each transaction must be considered with due regard to all the facts involved to the end that the court may determine the true purpose and intent of the transaction and the intent of the parties. In re Hatch, 10 Cal.2d 147 [73 P.2d 885]; People v. Jaques, 137 Cal.App.2d 823 [291 P.2d 124].
Appellants’ contentions appear to center around the fact that defendants Rodgers and Watson obtained under the contract an interest in the proceeds from the operation of the mining claims, although they are required to perform no further services. The record shows that these defendants undertook to find someone to operate the mines and to work the mining claims. It is recited in the contract that they are the agents and assignees of the defendants Duvall and Russell.
The difficulty with this contention arises from the fact that insofar as plaintiff was concerned, his was a contract for the operation of the mine. He was to pay a stated royalty and was entitled to retain all other profits derived therefrom. Plaintiff did not purport to own any part of the mining claims or to have any interest therein other than that created by the written agreement. He was not in a position of transferring anything to Rodgers and Watson. Although Mr. Watson testified at the trial that the entire transaction took place at once, nevertheless, he also stated that he and Mr. Rodgers were leasing the mining claims and in turn leasing them to plaintiff. It is apparent from the entire record that in return for the .services of Rodgers and Watson, in obtaining someone to work the claims, their codefendants agreed to give them an interest therein. Whether under the rules discussed in Madison v. *114 Moon, 148 Cal.App.2d 135 [306 P.2d 15], there was any invalidity in this arrangement is debatable. If, however, the agreement of defendants Duvall and Russell to transfer an interest in the mining claims, or an interest in the profits to be derived therefrom constituted the issuance of a “security,” such agreement did not enter into the consideration of the contract with the plaintiff. It would appear to be a severable agreement which would not affect the validity of the contract nor affect the plaintiff’s rights to the enforcement thereof. Poultry Producers of Southern California, Inc. v. Barlow, 189 Cal. 278 [208 P. 93]. We hold, therefore, that the judgment of the court holding the contract valid is amply supported by the evidence.
It is urged by appellants that the judge of the superior court which rendered the final judgment was not bound by the adjudication of the judge of another department theretofore made upon the issue of the validity of the contract. It appears that the parties stipulated that there be first determined the issue of whether the contract was void as in violation of the Corporate Securities Act. That matter was submitted and determined in favor of plaintiff. Thereafter, further trial was held in another department. The trial judge accepted the determination thus made and incorporated it into his judgment. He was not required to do so, but, his action being pursuant to the stipulation of parties and the ruling being correct, no error is involved.
No point is made on the appeal with reference to the rights of defendants Rodgers and Watson as “assignees” of their codefendants. It is the holding of this court that plaintiff’s contract is nevertheless valid and it is for the defendants to determine their rights among themselves by future litigation or agreement if they so desire.
It was found and adjudged that the notice by which defendants sought to terminate plaintiff’s rights did not comply with the contract and was thereby a nullity. No complaint is made of this ruling and it appears to be supported by the evidence.
Judgment affirmed.
Griffin, P. J., and Mussell, J., concurred.

 Assigned by Chairman of Judicial Council.